**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**December 11, 2020**

# In the Court of Appeals of Georgia

A20A1794. DAVIS v. CITY OF VALDOSTA.

BROWN, Judge.

Takeila Davis initiated an action for damages against the City of Valdosta, Georgia (the "City") and one of its employees after the employee was involved in a motor vehicle collision with Davis. The City filed a motion to dismiss, contending that Davis' ante litem notice did not include "the specific amount of monetary damages being sought from" the City, as required by OCGA § 36-33-5 (e). The trial court granted the motion, and Davis appeals. For the reasons set forth infra, we affirm.

> On appeal, we review the grant of any motion to dismiss de novo, and a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support

thereof. We construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor.

(Citation and punctuation omitted.) *Manzanares v. City of Brookhaven*, 352 Ga. App. 293 (834 SE2d 358) (2019). So construed, the record shows that in May 2018, Davis sent the City an ante litem notice, informing the City that she would be filing a civil action regarding an April 2018 incident in which a City employee driving a City-owned vehicle collided with Davis' automobile when she was backing out of a parking spot. The notice stated:

> Takeila Davis hereby claims damages covering the past, present and future medical bills associated with these injuries, in [the] amount of $30,000.00. Takeila Davis additionally hereby claims general damages for pain and suffering, in an amount not less than $20,000.00.

Davis filed the lawsuit against the City and its employee in August 2019. The City answered and filed a motion to dismiss, arguing that the ante litem notice failed to state the specific amount of monetary damages sought from the City as required by OCGA § 36-33-5 (e). Relying on this Court's decision in *Manzanares*, the trial court agreed with the City and dismissed Davis' complaint.[1] This appeal ensued.

---

[1] Davis voluntarily dismissed her claims against the employee.

2

Davis contends that she substantially complied with the requirements of OCGA § 36-33-5 (e) because her ante litem notice stated the specific amount of monetary damages being sought: $50,000. We disagree.

"A plaintiff seeking to sue a municipality for money damages must notify the municipality in an ante litem notice stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury within six months of the event upon which the claim is predicated." (Citation and punctuation omitted.) *City of Lafayette v. Chandler*, 354 Ga. App. 259, 260 (840 SE2d 638) (2020). Further, "when describing the 'extent of the injury' in the ante litem notice, . . . the notice must 'include the specific amount of monetary damages being sought from the municipal corporation.'" *Wright v. City of Greensboro*, 350 Ga. App. 685, 689 (1) (830 SE2d 228) (2019), citing OCGA § 36-33-5. According to OCGA § 36-33-5 (e), "[t]he amount of monetary damages set forth in such claim shall constitute an offer of compromise. In the event such claim is not settled by the municipal corporation and the claimant litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant." Finally, "even if only substantial compliance is required for subsection (e), . . . a notice does not substantially comply

3

with subsection (e) unless a specific amount is given. . . ." (Citation and punctuation omitted.) *Manzanares*, 352 Ga. App. at 296 (1).

In *Manzanares*, this Court held that an ante litem notice nearly identical to the one at hand failed to comply with OCGA § 36-33-5 (e). 352 Ga. App. at 296-297 (1). The notice in that case stated, "'While our investigation is still ongoing, we believe that the value of this claim may exceed $250,000.00.'" (Emphasis omitted.) Id. at 296 (1). We concluded that "[e]ven under a standard of substantial compliance, . . . this statement [failed to] convey[ ] the specific amount of monetary damages being *sought* from the City, nor was it specific enough to constitute an offer of compromise that could be accepted by the City." (Emphasis in original.) Id.

Similarly, here, Davis' ante litem notice stated that she was claiming damages for medical bills in the amount of $30,000 as well as general damages "in an amount not less than $20,000.00." This falls short of providing a "specific amount of monetary damages" that could "constitute an offer of compromise." *Manzanares*, 352 Ga. App. at 296 (1). We disagree with Davis' contention that she was making an offer to settle her claim for $50,000. The notice "indicates that the value of the claim is some unknown number above [$50,000] and makes no statement with regard to the amount being sought. An unknown number above [$50,000] is too indefinite to

4

constitute a binding offer of settlement." (Emphasis omitted.) Id. at 297 (1). Accordingly, we agree with the trial court's conclusion that Davis' ante litem notice did not comply with OCGA § 36-33-5 (e).

*Judgment affirmed. Dillard, P. J., and Rickman, J., concur*.